5:18-cv-31 (FJS/DEP)

# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT    COUNTY OF ONONDAGA

---

CHANEL BUCCINA

                      *Plaintiff,*

vs.

ONONDAGA COUNTY, ONONDAGA COUNTY SHERIFF'S OFFICE, DEPUTY OFFICER DOE OF THE ONONDAGA COUNTY SHERIFF'S OFFICE (IDENTIFIED BY BADGE # 1670) in his/her Official Capacity and Individually, ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE, JOHN and/or JANE DOE in the Official Capacities and Individually, CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT, AND DETECTIVE SCOTT HENDERSON, #244, of the SYRACUSE POLICE DEPARTMENT,

                      *Defendants.*

Index No.: _____

**SUMMONS**

Plaintiff designates Onondaga County as the place of trial.

Basis of Venue: Claimant's Residence

---

To the above named Defendant(s):

    You are hereby summoned to answer the Complaint in this action, and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance on the Plaintiff's attorney(s) within twenty days after the services of this summons exclusive of the day of service, where service is made by delivery upon you personally within the state, or within thirty (30) days after completion of service where service is made in any other manner. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

Dated: November 8, 2017
       Syracuse, New York

                                  Michael P. Kenny, Esq.
                                  **KENNY & KENNY, PLLC**
                                  *Attorneys for Plaintiff*
                                  315 West Fayette Street
                                  Syracuse, New York 13202
                                  Telephone: (315) 471-0524

KENNY & KENNY, PLLC    315 WEST FAYETTE STREET, SYRACUSE, NEW YORK 13202    TEL. (315) 471-0524

TO:    Onondaga County
421 Montgomery Street
Syracuse, NY 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County Sheriff's Office
421 Montgomery Street
Syracuse, NY 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County Sheriff's Office
Deputy Officer Doe (Badge # 1670)
421 Montgomery Street
Syracuse, NY 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County District Attorney's Office
421 Montgomery Street
Syracuse, New York 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

John and/or Jane Doe(s)
421 Montgomery Street
Syracuse, New York 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Joseph Fahey, Esq., Interim Corporation Counsel
City of Syracuse
233 East Washington Street
Suite 300
Syracuse, New York 13202

Frank L. Fowler, Chief of Police
City of Syracuse Police Department
511 S State Street
Syracuse, New York 13202

Detective Scott Henderson, #244
City of Syracuse Police Department
511 S State Street
Syracuse, New York 13202

STATE OF NEW YORK
SUPREME COURT      COUNTY OF ONONDAGA

---

CHANEL BUCCINA

       *Plaintiff,*

Index No.: _____

**COMPLAINT**

vs.

ONONDAGA COUNTY, ONONDAGA COUNTY
SHERIFF'S OFFICE, DEPUTY OFFICER DOE OF THE
ONONDAGA COUNTY SHERIFF'S OFFICE (IDENTIFIED
BY BADGE # 1670) in his/her Official Capacity and Individually,
ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE,
JOHN and/or JANE DOE in the Official Capacities and
Individually, CITY OF SYRACUSE, CITY OF SYRACUSE
POLICE DEPARTMENT, AND DETECTIVE SCOTT
HENDERSON, #244, of the SYRACUSE POLICE
DEPARTMENT,

       *Defendants.*

---

To the above named Defendant(s):

  Plaintiff, by and through her attorneys, **KENNY & KENNY, PLLC**, complains of the Defendants herein, respectfully shows to this Court, and alleges the following upon information and belief:

### AS AND FOR A FIRST CAUSE OF ACTION

  1. That at all times hereinafter mentioned, Plaintiff was, and still is, a resident of the County of Onondaga, State of New York.

  2. That this action falls within one or more of the exemptions set forth in CPLR §1602.

3. That at all times hereinafter mentioned, Defendant, **ONONDAGA COUNTY**, is a county located within the State of New York.

4. That at all times hereafter mentioned, Defendant, **ONONDAGA COUNTY SHERIFF'S OFFICE,** is a public law enforcement agency organized in and with jurisdiction over actions arising within Defendant, **ONONDAGA COUNTY.**

5. That at all times hereafter mentioned, Defendant, **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE,** is a municipal law enforcement agency organized and existing in Defendant, **ONONDAGA COUNTY**, and responsible for prosecuting all criminal matters occurring within Defendant, **ONONDAGA COUNTY.**

6. That at all times hereinafter mentioned, Defendant, **DEPUTY OFFICER DOE OF THE ONONDAGA COUNTY SHERIFF'S OFFICE, IDENTIFIED BY BADGE # 1670**, is and was a deputy police officer employed by Defendant, **ONONDAGA COUNTY SHERIFF'S OFFICE**, and Defendant, **ONONDAGA COUNTY.**

7. That at all times hereinafter mentioned, Defendant, **CITY OF SYRACUSE**, is a city organized and existing within Defendant, **ONONDAGA COUNTY.**

8. That at all times hereinafter mentioned, Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT**, is a municipal law enforcement agency organized and existing within Defendants, **CITY OF SYRACUSE** and **ONONDAGA COUNTY.**

9. That at all times hereinafter mentioned, Defendant, **DETECTIVE SCOTT HENDERSON, #244**, is and was a police detective employed by Defendants, **CITY OF SYRACUSE POLICE DEPARTMENT** and **CITY OF SYRACUSE.**

10. That on or about December 14, 2016, there existed in full force and effect within the State of New York, Section 480 of the Penal Law of the State of New York.

11. That on or about December 14, 2016, there existed in full force and effect with the United States of America, the protections guaranteed to individuals by the 4th and 8th Amendments to the United States Constitution.

12. That, upon information and belief, on or about December 14, 2016 at approximately 6:05 in the morning, a search was conducted at the residence of Plaintiff, **CHANEL BUCCINA**, located at 616 North Avenue, City of Syracuse, County of Onondaga, State of New York by representatives of Defendants, **CITY OF SYRACUSE POLICE DEPARTMENT, CITY OF SYRACUSE, ONONDAGA COUNTY SHERIFF'S OFFICE,** and **ONONDAGA COUNTY**.

13. That, upon information and belief, this search was conducted pursuant to a warrant that was issued by Acting County Court Judge James Cecile on or about December 13, 2016.

14. That, upon information and belief, that warrant application was made and granted pursuant to an affidavit by Defendant, **DETECTIVE SCOTT HENDERSON, #244**, an employee of Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT**.

15. That, upon information and belief, at the time of this search, an appearance ticket was issued by Defendant, **DEPUTY OFFICER DOE (BADGE # 1670)**, an employee of Defendants, **ONONDAGA COUNTY SHERIFF'S OFFICE** and **ONONDAGA COUNTY** to Plaintiff, **CHANEL BUCCINA**, for Unlawful Possession of Marijuana.

16. That, upon information and belief, at the time of this search, Defendant, **ONONDAGA COUNTY SHERIFF'S OFFICE** and Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT**, physically destroyed Plaintiff, **CHANEL BUCCINA**'s residence, located at 616 North Avenue, City of Syracuse, County of Onondaga, State of New York.

17. That, upon information and belief, at the time of this search, Defendant, **ONONDAGA COUNTY SHERIFF'S DEPARTMENT** and Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT**, improperly seized and removed from Plaintiff, **CHANEL BUCCINA**'s residence approximately $40,000.00 in U.S. Currency, a 2014 White Jeep Cherokee, a 2010 Black Toyota Highlander, and a large amount of jewelry.

18. That, upon information and belief, at the time of the seizure of the aforementioned items, Plaintiff, **CHANEL BUCCINA**, was not provided with a receipt, inventory, or list of those items seized by Defendant, **ONONDAGA COUNTY SHERIFF'S OFFICE** or Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT**, as listed above in paragraph seventeen (17).

19. That, upon information and belief, Plaintiff, **CHANEL BUCCINA**'s appearance ticket issued at the time of this search was never filed by Defendant, **ONONDAGA COUNTY SHERIFF'S OFFICE**, Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT**, or any other law enforcement agency.

20. That, upon information and belief, following that search and seizure, Plaintiff, **CHANEL BUCCINA**'s criminal attorney, Jeffrey DeRoberts, Esq., was informed by an agent of Defendants, **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE** and **ONONDAGA COUNTY**, Senior Assistant District Attorney Shaun M. Chase, that none of the property from this search, as listed in paragraph seventeen (17) above, would be returned.

21. That, upon information and belief, the pre-text for the warrant and subsequent search of Plaintiff, **CHANEL BUCCINA**'s residence on or about December 14, 2016 was based on a fraud perpetrated against Plaintiff, **CHANEL BUCCINA**, by Defendants, **ONONDAGA COUNTY, ONONDAGA COUNTY SHERIFF'S OFFICE, DEPUTY OFFICER DOE OF**

THE ONONDAGA COUNTY SHERIFF'S OFFICE (Badge # 1670) in his/her Official Capacity and Individually, ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE, JOHN and/or JANE DOE in the Official Capacities and Individually, CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT, AND DETECTIVE SCOTT HENDERSON, #244, of the CITY OF SYRACUSE POLICE DEPARTMENT, all working in concert.

22. That said search and seizure was in violation of Section 480 of the NYS Penal Law and the 4th and 8th Amendments of the United States Constitution.

23. That Defendants, **ONONDAGA COUNTY** and **ONONDAGA COUNTY SHERIFF'S OFFICE** were negligent in hiring, training, supervising, and/or retaining Defendant, **DEPUTY OFFICER DOE (BADGE # 1670)** of Defendant, **ONONDAGA COUNTY SHERIFF'S OFFICE.** Further, Defendants, **ONONDAGA COUNTY** and **ONONDAGA COUNTY SHERIFF'S OFFICE,** are vicariously liable for the actions of Defendant, **DEPUTY OFFICER DOE (BADGE # 1670)** pursuant to 42 U.S.C. §1983 and/or the doctrine of respondeat superior.

24. That this seizure and forfeiture was fraudulently induced by the actions of Defendants, **ONONDAGA COUNTY** and **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE**, in violation of Section 480 of the NY Penal Law and the 4th and 8th Amendments of the United States Constitution.

25. As a direct and proximate result of the negligence, recklessness, wantonness, carelessness, and illegal actions of the Defendants, **ONONDAGA COUNTY, ONONDAGA COUNTY SHERIFF'S OFFICE, DEPUTY OFFICER DOE OF THE ONONDAGA COUNTY SHERIFF'S OFFICE (Badge # 1670) in his/her Official Capacity and**

Individually, **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE, JOHN and/or JANE DOE in the Official Capacities and Individually, CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT, AND DETECTIVE SCOTT HENDERSON, #244, of the CITY OF SYRACUSE POLICE DEPARTMENT,** as aforesaid, Plaintiff, **CHANEL BUCCINA,** has been economically damaged and therefore demands judgment against Defendants, **ONONDAGA COUNTY, ONONDAGA COUNTY SHERIFF'S OFFICE, DEPUTY OFFICER DOE OF THE ONONDAGA COUNTY SHERIFF'S OFFICE (Badge # 1670) in his/her Official Capacity and Individually, ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE, JOHN and/or JANE DOE in the Official Capacities and Individually, CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT, AND DETECTIVE SCOTT HENDERSON, #244, of the CITY OF SYRACUSE POLICE DEPARTMENT.**

26. Plaintiff, **CHANEL BUCCINA,** further demands that the monies and personal property seized from her home in December 2016 be immediately and fully returned.

27. That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION

28. Plaintiff, **CHANEL BUCCINA,** repeats, reiterates, and realleges each and every allegation contained within paragraphs (1) through (27), with the same force and effect as though the same were more fully set forth at length herein.

29. That on or about April 13, 2016, there existed in full force and effect within the State of New York, Section 480 of the Penal Law of the State of New York.

30. That on or about April 13, 2016, there existed in full force and effect with the United States of America, the protections guaranteed to individuals by the 4th and 8th Amendments to the United States Constitution.

31. That on or about April 13, 2016, Defendants, **DETECTIVE SCOTT HENDERSON, #244, CITY OF SYRACUSE POLICE DEPARTMENT,** and **CITY OF SYRACUSE** working in concert with Defendants, **ONONDAGA COUNTY SHERIFF'S OFFICE, JOHN and/or JANE DOE IN THE OFFICIAL CAPACITIES AND INDIVIDUALLY, ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE,** and **ONONDAGA COUNTY** executed a search warrant at the residence of Plaintiff, **CHANEL BUCCINA**, located at 616 North Avenue, City of Syracuse, County of Onondaga, State of New York.

32. That, at the time of the search executed on or about April 13, 2016, Plaintiff, **CHANEL BUCCINA**, was charged with Criminal Possession of a Controlled Substance in the Seventh Degree and Drug Paraphernalia in the Second Degree, both misdemeanor offenses.

32. That, at the time of the search executed on or about April 13, 2016, Defendant, **DETECTIVE SCOTT HENDERSON, #244**, of Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT** and Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT** working in concert with Defendants, **ONONDAGA COUNTY SHERIFF'S OFFICE, ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE,** and **ONONDAGA COUNTY**, seized from the residence and person of Plaintiff, **CHANEL BUCCINA**, approximately $89,150.00 in U.S. Currency, a 2006 Dodge Charger, a 2008 Toyota Highlander, a 2009 GMC Envoy, and a large amount of expensive jewelry.

33. That, after extensive negotiations between Plaintiff, **CHANEL BUCCINA**'s criminal attorney, Jeffrey DeRoberts, Esq. and Senior Assistant District Attorney Shaun M. Chase, an agent of Defendants, **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE** and **ONONDAGA COUNTY**, on or about November 2, 2016, a Waiver and Stipulation was signed by Plaintiff, **CHANEL BUCCINA**, that released the property seized on or about April 13, 2016 from Plaintiff, **CHANEL BUCCINA**'s residence and person, with the exception of the U.S. Currency, in exchange for the dismissal of the two misdemeanor charges.

34. That Defendants, **CITY OF SYRACUSE** and **CITY OF SYRACUSE POLICE DEPARTMENT** were negligent in hiring, training, supervising, and/or retaining Defendant, **DETECTIVE SCOTT HENDERSON, #244**, of Defendant, **CITY OF SYRACUSE POLICE DEPARTMENT**.

35. That Defendants, **CITY OF SYRACUSE** and **CITY OF SYRACUSE POLICE DEPARTMENT**, are vicariously liable for the actions of Defendant, **DETECTIVE SCOTT HENDERSON, #244,** pursuant to 42 U.S.C. §1983 and/or the doctrine of respondeat superior.

36. That this seizure and forfeiture was fraudulently induced by the actions of Defendants, **CITY OF SYRACUSE** and **CITY OF SYRACUSE POLICE DEPARTMENT**, in violation of Section 480 of the NY Penal Law and the 4th and 8th Amendments of the United States Constitution.

37. That the negligence and illegal actions of Defendants, **CITY OF SYRACUSE** and **CITY OF SYRACUSE POLICE DEPARTMENT**, its officers, agents, and/or employees consist of the following: conducting an illegal search in violation of the 4th Amendment; imposition of an unreasonable fine under the 8th Amendment; unlawfully seizing personal property from Plaintiff, **CHANEL BUCCINA**'s residence in violation of NYS Penal Law § 480

which prohibits forfeiture of property linked to misdemeanor offenses; fraudulently inducing Plaintiff, **CHANEL BUCCINA**'s entrance into a Waiver and Stipulation on November 2, 2016 that forfeited her right to approximately $89,150.00 in U.S. Currency in exchange for a dismissal of two misdemeanor offenses; failing to implement and/or enforce policies and/or customs of the agency and/or department to prevent abuses of power such as those alleged herein; permitting the informal custom and/or usage of the abuses of power such as those alleged herein; failing to discontinue, prevent, discipline (or otherwise), the abuses of power as alleged herein in spite of policymaking officials having actual and/or constructive knowledge of such acts; acquiescing in the abuses of power such as those alleged herein; failing to prevent, discontinue, or discipline agents, servants, and/or employees for unconstitutional customs and/or practices; failing to train its employees with a deliberate indifference to the rights of citizens, the public, and Plaintiff, **CHANEL BUCCINA**; failing to prevent the conduct of Defendant, **DETECTIVE SCOTT HENDERSON, #244**, as alleged herein in spite of their knowledge of Defendant, **DETECTIVE SCOTT HENDERSON, #244**'s propensities to abuse his power; failing to properly train agents, servants and/or employees on the Defendants, **CITY OF SYRACUSE** and **CITY OF SYRACUSE POLICE DEPARTMENT**'s policies, procedures, and/or protocol while on duty; failing to properly supervise its agents, servants, and/or employees while on duty; failing to properly document complaints, reports, and/or investigations with regard to conduct and/or abuses of power of its agents, servants, and/or employees; conspiracy and/or cover-up; maintaining and developing policies that exhibit deliberate indifference to the constitutional rights of its citizens, which caused the violations of Plaintiff, **CHANEL BUCCINA**'s rights. This seizure and forfeiture was fraudulently induced by the actions of Defendants, **CITY OF SYRACUSE** and **CITY OF SYRACUSE POLICE DEPARTMENT**, and their officers,

agents, and/or employees, in violation of Section 480 of the NY Penal Law and the 4th and 8th Amendments of the United States Constitution.

38. That Defendants, **ONONDAGA COUNTY** and **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE** were negligent in hiring, training, supervising, and/or retaining Senior Assistant District Attorney Shaun M. Chase.

39. Defendants, **ONONDAGA COUNTY** and **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE**, are vicariously liable for the actions of Senior Assistant District Attorney Chase pursuant to 42 U.S.C. §1983 and/or the doctrine of respondeat superior.

40. That this seizure and forfeiture was fraudulently induced by the actions of Defendants, **ONONDAGA COUNTY** and **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE**, in violation of Section 480 of the NY Penal Law and the 4th and 8th Amendments of the United States Constitution.

41. That the negligence and illegal actions of Defendants, **ONONDAGA COUNTY**, **ONONDAGA COUNTY SHERIFF'S OFFICE**, and **ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE**, its officers, agents, and/or employees consisted of the following: conducting an illegal search in violation of the 4th Amendment; imposition of an unreasonable fine under the 8th Amendment; unlawfully seizing personal property from Plaintiff, **CHANEL BUCCINA**'s residence under NYS Penal Law § 480 which prohibits forfeiture of property linked to misdemeanor offenses; fraudulently inducing Plaintiff, **CHANEL BUCCINA**'s entrance into a Waiver and Stipulation on November 2, 2016 that forfeited her right to approximately $89,150.00 in U.S. Currency in exchange for a dismissal of two misdemeanor offenses; failing to implement and/or enforce polices and/or customs of the agency and/or department to prevent abuses of power such as those alleged herein; permitting the informal

custom and/or usage of the abuses of power such as those alleged herein; failing to discontinue, prevent, discipline (or otherwise), the abuses of power as alleged herein in spite of policymaking officials having actual and/or constructive knowledge of such acts; acquiescing in the abuses of power such as those alleged herein; failing to prevent, discontinue, or discipline agents, servants, and/or employees for unconstitutional customs and/or practices; failing to train its employees with a deliberate indifference to the rights of citizens, the public, and Plaintiff, **CHANEL BUCCINA**; failing to properly train agents, servants and/or employees on the defendants' policies, procedures, and/or protocol while on duty; failing to properly supervise its agents, servants, and/or employees while on duty; failing to properly document complaints, reports, and/or investigations with regard to conduct and/or abuses of power of its agents, servants, and/or employees; conspiracy and/or cover-up; failing to exercise due diligence; maintaining and developing policies that exhibit deliberate indifference to the constitutional rights of its citizens, which caused the violations of the Plaintiff, **CHANEL BUCCINA**'s rights; and the defendants were otherwise negligent. This seizure and forfeiture was fraudulently induced by the actions of Defendants, **ONONDAGA COUNTY, ONONDAGA COUNTY SHERIFF'S OFFICE, JOHN and/or JANE DOE IN THE OFFICIAL CAPACITIES AND INDIVIDUALLY, ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE, CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT**, and **DETECTIVE SCOTT HENDERSON, #244, OF THE CITY OF SYRACUSE POLICE DEPARTMENT**, and their officers, agents, and/or employees, in violation of Section 480 of the NY Penal Law and the 4th and 8th Amendments of the United States Constitution.

42. As a direct and proximate result of the negligence, recklessness, wantonness, carelessness, and illegal actions of the Defendants as aforesaid, Plaintiff, **CHANEL BUCCINA**,

has been economically damaged and therefore demands judgment against Defendants, **ONONDAGA COUNTY, ONONDAGA COUNTY SHERIFF'S OFFICE, ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE, JOHN and/or JANE DOE in the Official Capacities and Individually, CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT**, and **DETECTIVE SCOTT HENDERSON, #244**.

43. Plaintiff, **CHANEL BUCCINA**, further demands that the monies and personal property seized from her home in April 2016 be immediately and fully returned.

44. By reason of the foregoing, Plaintiff, **CHANEL BUCCINA**, has been damaged in an amount that exceeds the jurisdictional requirements of this court.

**WHEREFORE**, Plaintiff demands judgment against the Defendants in an amount that exceeds the jurisdictional limit of any other court, together with the costs and disbursements of this action.

Dated: November 8, 2017
Syracuse, New York

_____
Michael P. Kenny, Esq.
**KENNY & KENNY, PLLC**
*Attorneys for Plaintiff*
315 West Fayette Street
Syracuse, New York 13202
Telephone: (315) 471-0524

TO: Onondaga County
421 Montgomery Street
Syracuse, NY 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County Sheriff's Office
421 Montgomery Street
Syracuse, NY 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County District Attorney's Office
421 Montgomery Street
Syracuse, New York 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County Sheriff's Office
Deputy Officer Doe (Badge # 1670)
421 Montgomery Street
Syracuse, NY 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

John and/or Jane Doe(s)
421 Montgomery Street
Syracuse, New York 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Joseph Fahey, Esq., Interim Corporation Counsel
City of Syracuse
233 East Washington Street
Suite 300
Syracuse, New York 13202

Frank L. Fowler, Chief of Police
City of Syracuse Police Department
511 S State Street
Syracuse, New York 13202

Detective Scott Henderson, #244
City of Syracuse Police Department
511 S State Street
Syracuse, New York 13202