UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CHANEL BUCCINA,

        Plaintiff         **ANSWER AND CROSS CLAIMS**
                                   Civil Action No.: 5:18-cv-00031-FJS/DEP

v.

ONONDAGA COUNTY, ONONDAGA COUNTY SHERIFF'S
OFFICE, DEPUTY OFFICER DOE OF THE ONONDAGA
COUNTY SHERIFF'S OFFICE (IDENTIFIED BY BADGE #
1670) in his/her Official Capacity and Individually,
ONONDAGA COUNTY DISTRICT ATTORNEY'S OFFICE,
JOHN and/or JANE DOE in the Official Capacities and
Individually, CITY OF SYRACUSE, CITY OF SYRACUSE
POLICE DEPARTMENT, AND DETECTIVE SCOTT
HENDERSON, #244, of the SYRACUSE POLICE
DEPARTMENT,

        Defendants.

      Defendants, CITY OF SYRACUSE, CITY OF SYRACUSE POLICE DEPARTMENT, AND DETECTIVE SCOTT HENDERSON, #244, of the SYRACUSE POLICE DEPARTMENT, by ad through their attorney, JOSEPH W. BARRY, FIRST ASSISTANT CORPORATION COUNSEL OF THE CITY OF SYRACUSE, Ramona L. Rabeler, Assistant Corporation Counsel, of Counsel, answers the Plaintiff's Complaint and Co-Defendant's cross-claims as follows:

      1.     Deny knowledge or information sufficient to form a belief as to the allegations of Paragraphs 1, 2, 4, 5, 6, 7, 8,10,11, 12, 19, 20, 26, 27, 29, 30, 33, 38 and 43.

      2.     Deny the allegations of Paragraphs 16, 17, 18, 21, 22, 23, 24, 25, 31, 32, 34, 35, 36, 37, 39, 40, 41, 42, and 44.  .

      3.     Admit the allegations of Paragraphs 3 and 7 of the Complaint, and Admit the allegations of Paragraph 9 of the Complaint that, Defendant DETECTIVE SCOTT

HENDERSON, #244, is a police detective employed by Defendant CITY OF SYRACUSE in the SYRACUSE POLICE DEPARTMENT.

4. Defendants, repeat, reiterate, and reallege each and every response contained within paragraphs (1) through (27), in the Second Cause of Action with the same force and effect as the same were more fully answered in the First Cause of Action.

5. Defendants deny any allegations herein not specifically answered or controverted.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

6. That pursuant to §4545 and other applicable sections of the CPLR, the City Defendant is entitled to a set off against the amount of any verdict of any monies collected from a collateral source of payment as set forth in said law.

### SECOND DEFENSE

7. Plaintiff has failed to take all reasonable and necessary steps to mitigate his alleged injuries or damages.

### THIRD DEFENSE

8. Plaintiff was guilty of culpable conduct that caused or contributed to all or part of the damages alleged and accordingly the amount of damages recoverable, if any, must be diminished proportionately in accordance with Article 14-A of the CPLR.

### FOURTH DEFENSE

9. Plaintiff's own negligent conduct was the actual and proximate cause of his alleged injuries and/or damages.

### FIFTH DEFENSE

10. Plaintiff assumed the risks that caused or contributed to his injuries and/or damages.

**SIXTH DEFENSE**

11. Upon information and belief, the damages, if any, upon which Plaintiff bases his claim were caused or brought about by the negligence or culpable conduct of a third person or persons over whom the City Defendants had no control, and for whose acts the City Defendant is not responsible for.

**SEVENTH DEFENSE**

12. The Statute of Limitations has expired on some or all of Plaintiff's and/or Co-Defendant's Cross Claims.

**EIGHTH DEFENSE**

13. Plaintiff's injuries and damages, if any, were neither caused by nor casually related to any act or omission of the City Defendants.

**NINTH DEFENSE**

14. Plaintiff's causes of action are barred by her failure to comply with General Municipal Law § 50(e) and 50(h), 50(i), and 50(j), and the Syracuse City Charter § 8-115.

**TENTH DEFENSE**

15. Plaintiff's failure to comply with General Municipal Law Section 50(h) includes that Plaintiff's counsel would not allow Defendant to question the Claimant sufficiently, such that the examination was never completed and did not satisfy the requirements of GML 50(h). The noncompliance included that the examination did not afford the Defendant the ability to determine whether the claim should be adjusted or satisfied before being subjected to the expense of litigation.  See, Travelers Property Cas. Corp. v. City of Troy, 2004, 6 Misc. 3d 308, 785 N.Y.S. 2d 900.

**ELEVENTH DEFENSE**

16.     Some or all of Plaintiff's and/or Co-Defendant's cross claims fail for failure to state a cause of action.

## TWELFTH DEFENSE

17.     The Court lacks subject matter jurisdiction over some or all of the claims.

## THIRTEENTH DEFENSE

18.     No prior written notice has been pled and it does not appear by and as a statement of the complaint that at least 30 days have elapsed since the service of a notice of plaintiffs claim of injury or damages by reason of negligence or other culpable conduct of defendants, and that adjustment or payment of such claim has been neglected or refused.

## FOURTEENTH DEFENSE

19.     All relevant times Defendants acted under the reasonable belief that their conduct was in accordance with clearly established law. They are, therefore, protected under the doctrine of qualified immunity.

## FIFTEENTH DEFENSE

20.     Defendants are not personally involved in the alleged constitutional or statutory violations, and they are therefore not liable under 42 U.S.C § 1983. The doctrine of *respondeat superior* does not apply in civil rights cases, and claims on such basis should therefore be dismissed.

## SIXTEENTH DEFENSE

21.     Plaintiff may not prosecute or maintain against defendants a claim of injury or damages by reason of negligence or other culpable conduct of defendants because a condition precedent to the prosecution or maintenance of such claims has not been satisfied.

## SEVENTEENTH DEFENSE

22. Any act or omission of defendants was reasonable, in good faith, and a discretionary act or omission in the performance of a governmental function.

23. Defendants have immunity from plaintiffs' claims arising out of any reasonable, good faith, and discretionary act or omissions of defendants in the performance of a governmental function.

## EIGHTEENTH DEFENSE

24. Any act or omission of a person of the City of Syracuse was a reasonable, in good faith, and discretionary act or omission in the performance of a governmental function.

25. The City of Syracuse has immunity from plaintiffs' claims arising out of any reasonable, in good faith, and discretionary act or omission of a person of the City of Syracuse in the performance of a governmental function.

## NINETEENTH DEFENSE

26. Public policy prohibits the court's awarding to plaintiff a judgment for damages arising out of plaintiff's injury occurring while plaintiff was engaged in acts involving a substantial violation of the law.

## TWENTIETH DEFENSE

27. Plaintiffs damages were caused by culpable conduct attributable to plaintiff.

28. The amount of damages otherwise recoverable by plaintiff shall be diminished in the proportion which the culpable conduct attributable to plaintiff bears to the culpable conduct which caused the damages.

## TWENTY FIRST DEFENSE

29. The liability of the City of Syracuse for plaintiff's non-economic loss is fifty percent or less of the total liability assigned to all persons liable.

30. The liability of the City of Syracuse to plaintiff for non-economic loss shall not exceed the City of Syracuse's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's non-economic loss.

**TWENTY SECOND DEFENSE**

31. The liability of Henderson for plaintiff's non-economic loss is fifty percent or less of the total liability assigned to all persons liable.

32. The liability of Henderson to plaintiff for non-economic loss shall not exceed Henderson's equitable share determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's non-economic loss.

**TWENTY THIRD DEFENSE**

33. The summons served on the City of Syracuse does not bear the date of filing with the clerk of the court.

34. The summons served on the City of Syracuse is therefore defective.

35. The court has no jurisdiction of the person of the City of Syracuse because the summons served on the City of Syracuse is defective.

**TWENTY FOURTH DEFENSE**

36. The summons has not been served on Henderson.

37. The court has no jurisdiction of the person of Henderson.

**TWENTY FIFTH DEFENSE**

38. The summons served on Henderson does not bear the date of filing with the clerk of the court.

39. The summons served on Henderson is therefore defective.

40.     The court has no jurisdiction of the person of Henderson because the summons is defective.

## TWENTY SIXTH DEFENSE

41.     City defendants reserve their rights to raise additional defenses, which may become known during further investigation and discovery in this case.

## FIRST CROSS CLAIM

42.     Plaintiff's damages were caused by the culpable conduct of the County of Onondaga (the County), Daniel A. Bieling (Bieling) and/or another 3rd Party.

43.     The City of Syracuse is entitled to contribution from the County, Bieling and/or another 3rd Party of the excess paid by the City of Syracuse over and above the City of Syracuse's equitable share, determined in accordance with the relative culpability of each person or entity causing or contributing to the total liability for plaintiff's damages, of any judgment recovered by plaintiff.

## SECOND CROSS CLAIM

44.     Henderson is entitled to contribution from the County and Bieling of the excess paid by Henderson over and above Henderson's equitable share, determined in accordance with the relative culpability of each person causing or contributing to the total liability for plaintiff's damages, of any judgment recovered by plaintiff.

**WHEREFORE**, Defendants respectfully requests judgment dismissing the Complaint with costs, disbursements, attorney's fees, and for such other and further relief as to the Court may seem just and proper or, in the alternative, diminishment of damages recoverable in such proportion as the culpable conduct of the Plaintiff or third persons bear to the culpable conduct of

the Defendants, or, in the event of a judgment in favor of the Plaintiff herein against the Defendants, that the ultimate rights of the Defendants, as between themselves, be determined in this action and that the Defendants have judgment over and against the Co-Defendants, for any sum that may be recovered herein by the Plaintiff against the Defendants, together with costs, disbursements, attorney's fees, and for such other and further relief as to the Court may seem just and proper.

## JURY DEMAND

In the event of a trial herein, Defendants seek a jury trial of all matters in which a jury trial is permissible by law.

Dated: January 9, 2018  
       Syracuse, New York

JOSEPH W. BARRY, III  
Corporation Counsel

By:      /s       
RAMONA L. RABELER, ESQ.,  
Assistant Corporation Counsel  
*Attorney for Defendants*  
City Hall, Room 300  
233 East Washington Street  
Syracuse, New York 13202  
Tel.: (315) 448-8400  
Fax: (315) 448-8381

TO: Michael Kenny, Esq.  
Kenny and Kenny. PLLC  
315 W Fayette Street  
Syracuse, NY  13202

Onondaga County  
421 Montgomery Street Syracuse, NY 13202  
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County Sheriffs Office 421 Montgomery Street Syracuse, NY 13202  
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County District Attorney ' s Office 421 Montgomery
Street Syracuse, New York 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Onondaga County Sheriff s Office Deputy Officer Doe (Badge #
1670)
421 Montgomery Street Syracuse, NY 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

John and/or Jane Doe(s)
421 Montgomery Street Syracuse, New York 13202
ATTN: Joanne M. Mahoney/Onondaga County Department of Law

Frank L. Fowler, Chief of Police City of Syracuse Police Department
511 S State Street Syracuse, New York 13202

Detective Scott Henderson, #244 City of Syracuse Police
Department 511 S State Street Syracuse, New York 13202